LOUIS W. HEAGY, Respondent, v. IRONDALE LEAD CO., Appellant.

St. Louis Court of Appeals, April 14, 1903.

Assumpsit: LIABILITY OF COMPANY OR ITS PRESIDENT: QUESTION FOR JURY. Whether plaintiff was employed by the company or its president, under the testimony, was directly submitted to the jury by the following instruction given for plaintiff: "The court instructs you in this case that if you believe and find from the evidence . . . that George J. Cole, the manager of the company authorized Morris to write the letters introduced in evidence as written by said Morris, then and in that event, the said letters and proposition therein are binding on defendant company as much as if they had been written by the said Cole as manager of the company." This instruction together with the instructions given for defendant fairly declared the law. The jury found for the plaintiff and its verdict will not be disturbed.

Appeal from Washington Circuit Court.—*Hon. Frank R. Dearing,* Judge.

AFFIRMED.

*Eugene H. Angert* for appellant.

The court erred in granting plaintiff's third instruction. This instruction is drawn upon the theory that if Geo. J. Cole, through his agent, Morris, employed the plaintiff, he necessarily employed him for the Irondale Lead Company. It was for the jury to determine upon all the facts in evidence whether Cole employed the plaintiff for himself individually or for the Irondale

Lead Company. Smith v. Alexander, 31 Mo. 193; Mussor v. Johnson, 42 Mo. 74; Furniture Co. v. Crawford, 127 Mo. 356; Jones v. Williams, 139 Mo. 1; Croarkin v. Fitzgerald, 32 Mo. App. 265.

*B. H. Marbury* for respondent.

The court did not err in granting plaintiff's instruction; the instructions given must be taken as a whole and read together, and when so considered, if there is no reasonable ground to apprehend that the jury were misled, the judgment will not be reversed for a mere generality in one instruction which is clearly and distinctly corrected in another. Fischer v. Packing and Provision Co., 77 Mo. App. 108; Orscheln v. Scott, 79 Mo. App. 534; Keen v. Schweigler, 70 Mo. App. 409; Linn v. Massillon Bridge Co., 78 Mo. App. 111; Noble v. Blount, 77 Mo. 235.

REYBURN, J.—Plaintiff in his petition averred that on or about March 12, 1901, defendant, a corporation organized under the laws of Missouri, engaged in the business of mining and manufacturing lead ore, employed plaintiff as a civil engineer in its mine at Irondale, in Washington county, Missouri, for the period of one year, and promised to pay him for his services a salary of $1,200 in monthly installments of $100 per month; that he entered upon and performed his duties as such civil engineer until October 1, 1901, when without just cause he was discharged by defendant and prevented from further performance of his duties to his damage in the sum of $540.

The issues joined upon the answer of defendant (a general denial), were tried before a jury which rendered a verdict for plaintiff in the amount prayed. Plaintiff had formerly worked for G. J. Cole, and in February, 1901, while at his father's home in Columbus, Indiana, received a letter written by C. E. Morris from Farmington, Missouri, stating that Cole wanted to

employ plaintiff.   At the time Morris was general manager of Cole and the latter was president of defendant and, adopting his own words, was absolute owner of the stock of defendant. The correspondence thus begun was continued between plaintiff and Morris, and a proposition contained in a letter of the latter on behalf of Cole for employment for a year at $100 per month was accepted by plaintiff by letter to Morris in reply, and in March he arrived at Irondale and began work on property of defendant, and continued until discharged October 1st.   The correspondence containing the contract of employment was clear as to period of employment and the rate of compensation, and contained references to the place of the performance, but mentions Cole's name, not that of defendant.   The testimony was conflicting, plaintiff's declarations in his own behalf that he was employed by the corporation, and such employment and its duration expressly approved by Cole, as president of defendant, were in a degree corroborated by the testimony of Morris, who conducted the correspondence for Cole.   Cole, however, claimed he individually engaged plaintiff for a term of six months' only, and not in his capacity of president of defendant, and if Morris sought to make any other agreement with plaintiff he exceeded his authority. Cole's version of the contract existing was supported by the method of payment of plaintiff's salary, and by the testimony of George M. Seeley, a resident of New York, who appeared to have represented capitalists who acquired the property of defendant and other property adjacent to Cole during the period of plaintiff's services.

The assignments of error consist first of a criticism of the third instruction given on behalf of the plaintiff, to the following effect:

"The court instructs you in this case, that if you believe and find from the evidence in this case that George J. Cole, the manager of the Irondale Lead Com-

pany, authorized C. E. Morris to write the letters introduced in evidence as written by the said C. E. Morris, then and in that event the said letters and propositions therein stated are binding on the defendant herein, the Irondale Lead Company as much as if they had been written by the said George J. Cole as manager of the defendant Irondale Lead Company.''

The instructions given were six in number, three being on behalf of each party to the controversy, and no complaint is made of the refusal of the court to give any further instructions to the jury. Considering the instructions together, they fully covered the issues in the case and fairly presented the case for the deliberation and determination of the jury, and the instructions given for defendant remedied and neutralized the tendency in this instruction complained of, if any there be as charged by appellant, to warrant the jury to find, that if Cole through Morris engaged plaintiff, such employment necessarily was for defendant, and not on behalf of Cole individually.

2. Appellant contends that the court erred in excluding evidence tending to show in what manner plaintiff had lost money through a third party in the business, in which he was engaged during the portion of the year covered by his contract subsequent to his discharge. As it appeared that such occupation had been unprofitable, we can not see how it became material or proper subject of inquiry why such result was brought about, and the extent of the liability of defendant, if any had been lawfully created and existed, could not have been lessened by the introduction of such testimony.

3. The respondent concedes that appellant was entitled to a credit of twenty dollars, being amount established as earned by respondent during the term of his employment, and that to that extent the recovery is excessive and offers to enter a remittitur for that sum

in this court, which if done, the judgment of the court below to the extent of the remaining amount in favor of respondent will be affirmed, respondent to pay the costs of this court. *Bland, P. J.,* and *Goode, J.,* concur.